IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and <br> U.S. PHILIPS CORPORATION, <br> <br> Plaintiffs, <br> v. <br> <br> HTC CORP. and HTC AMERICA, INC., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 15-1126-GMS <br> ) <br> ) <br> ) <br> ) |

**<u>JOINT MOTION TO DISMISS FOR IMPROPER VENUE</u>**

| | |
|---|---|
| | John W. Shaw (No. 3362) |
| | Karen E. Keller (No. 4489) |
| OF COUNSEL: | Andrew E. Russell (No. 5382) |
| John Schnurer | SHAW KELLER LLP |
| Kevin Patariu | 300 Delaware Avenue, Suite 1120 |
| Ryan Hawkins | Wilmington, DE 19801 |
| Louise Lu | (302) 298-0700 |
| Vinay Sathe | jshaw@shawkeller.com |
| PERKINS COIE LLP | kkeller@shawkeller.com |
| 11988 El Camino Road, Suite 350 | arussell@shawkeller.com |
| San Diego, CA 92130 | *Attorneys For Defendants* |
| (858) 720-5700 | |

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101
(206) 359-8000

Dated:  March 9, 2016

In December, Konijklike Philips N.V. and U.S. Philips Corporation (collectively, "Philips") filed parallel cases asserting overlapping patents in the District of Delaware against the following parties: Acer Inc. and Acer America, Corp. (C.A. No. 15-1170); Asustek Computer, Inc. and ASUS Computer International (C.A. No. 15-1125); HTC Corporation and HTC America, Inc. (C.A. No. 15- 1126); Southern Telecom, Inc. (C.A. No. 15- 01128); Visual Land, Inc. (C.A. No. 15-1127); and YiFang USA, Inc. (C.A. No. 15-1131) (collectively, "the Defendants").[1] The Defendants hereby jointly move under Rule 12(b)(3) and 28 U.S.C. § 1406(a) to dismiss these actions for improper venue. Although these cases are not consolidated, the Defendants are separately filing this joint motion in each action for the convenience of the Court, and because it applies equally to all of them.

Philips' complaints in all of the above-listed actions allege that venue is proper under 28 U.S.C. §§ 1391(b) and (c), and § 1400. But those statutes, properly construed, provide for venue in Delaware only if a defendant has a regular and established place of business in Delaware, or is incorporated in the state. Defendants do not even allegedly meet that requirement. None is incorporated in the state of Delaware. None has a principal place of business in Delaware. Philips' complaints do not assert any contradictory facts sufficient to establish proper venue in this district. Accordingly, under 28 U.S.C. § 1406(a), these cases should be dismissed.

---

[1] Double Power Technology, Inc., Shenzen Zowee Technology Co., Ltd., and Zowee Marketing Co., Ltd., who were also sued on these patents in C.A. No. 15-1130-GMS, have thus far opted not to join in the present motion. Another case involving Digital Products International, Inc., C.A. 15-1129-GMS, was recently dismissed.

Defendants recognize that this District has addressed and rejected this argument.[2] Nonetheless, a petition for a writ of mandamus concerning this question is currently pending and scheduled to be argued this month at the Federal Circuit.[3] Defendants accordingly move on these grounds to preserve their rights pending a decision on that petition.

## I.    VENUE IN THIS DISTRICT IS IMPROPER

### A.    Venue is improper in this district under 28 U.S.C. § 1400(b).

Proper venue in a patent case is defined exclusively by 28 U.S.C. § 1400(b). Section 1400(b) provides two bases for proper venue in a patent case: (1) venue is proper in a district where a defendant "resides"; and (2) venue is proper in a district where the defendant has a "regular and established place of business" and has "committed acts of infringement." Because Philips cannot demonstrate either prong, venue is improper in this District.

Philips has not alleged and cannot prove the first prong of Section 1400(b) for any Defendant, *i.e.*, that any Defendant "resides" in this District as the term is properly construed. The Supreme Court has consistently defined corporate residence under 28 U.S.C. § 1400(b) as the place of incorporation only,[4] and no Defendant is incorporated here. And Philips cannot prove the second prong of 1400(b) because no Defendant has a "regular and established place of business" in Delaware.

---

[2] *See Kraft Foods Group Brands LLC v. TC Heartland, LLC.*, C.A. No. 14-28-LPS-CJB, 2015 WL 4778828 (D. Del. Aug. 13, 2015), *report and recommendation adopted*, 2015 WL 5613160 (D. Del. Sept. 24, 2015).
[3] *See In re T.C. Heartland*, Case No. 16-105 (Fed. Cir. 2016).
[4] *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 707 n. 2 (1972) (confirming that section 1400(b)'s "resides" prong permits venue over a corporate defendant only in the district of incorporation: "Petitioner does not 'reside' in Oregon, because the residence of a corporation for purposes of [§] 1400(b) is its place of incorporation.") (citing *Fourco Glass co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 225 (1957)).

Indeed, Philips' pleadings fail to allege that any Defendant has any connection to Delaware. Instead, they list non-Delaware places of incorporation and business for each Defendant, specifically stating, on information and belief, as follows:

- ". . . Acer Inc. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 8F, 88, Sec. 1, Xintai 5th Rd., Xizhi, New Taipei City 221, Taiwan, Republic of China."[5]

- ". . . Acer America Corporation is a corporation organized and existing under the laws of California, with its principal place of business located at 333 West San Carlos Street, Suite 1500, San Jose, California 95110."[6]

- ". . . ASUSTeK Computer Inc. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No. 15, LiTe Road, Peitou, Taipei 112, Taiwan, R.O.C."[7]

- ". . . ASUS Computer International is a corporation organized and existing under the laws of California, with its principal place of business located at 800 Corporate Way, Fremont, California 94539."[8]

- ". . . HTC Corp. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 23 Xinghua Road, Taoyuan County 330, Taiwan."[9]

- ". . . HTC America is a corporation organized and existing under the laws of Washington, with its principal place of business located at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington, 98005."[10]

---

[5] C.A. No. 15-1170-GMS, D.I. 1, ¶ 4.
[6] *Id.*, ¶ 5.
[7] C.A. No. 15-1125-GMS, D.I. 1, ¶ 4.
[8] *Id.*, ¶ 5.
[9] C.A. No. 15-1126-GMS, D.I. 1, ¶ 4.

- ". . . Southern Telecom is a corporation organized and existing under the laws of New York, with its principal place of business located at 14C 53rd Street, Brooklyn, New York 11232."[11]

- ". . . Visual Land is a corporation organized and existing under the laws of California, with its principal place of business located at 17785 Center Court Dr., Suite 670, Cerritos, CA 90703."[12]

- ". . . YiFang is a corporation organized and existing under the laws of California, with its principal place of business located at 136 N. Grand Avenue #148, West Covina, CA 91791."[13]

Philips' pleadings therefore are facially insufficient to prove that venue is appropriate for any Defendant under Section 1400(b). And these complaints could not possibly be amended to properly allege venue in Delaware, because as they correctly attest, no Defendant is incorporated or has an established place of business in Delaware.

### B. 28 U.S.C. § 1391(c) does not apply to patent cases to change the definition of "reside" for corporate defendants.

Philips' complaints nevertheless allege that venue is proper in Delaware for each Defendant, apparently applying the general-corporate venue provision found at 28 U.S.C. § 1391 (b) and (c), which would make venue proper in any District in which the corporation is subject to personal jurisdiction. But Philips has misapplied the law.

The Supreme Court has held for decades, and has never wavered from its view, that section 1391(c)'s general-corporate venue provision does not apply to patent cases.[14]  In fact, as

---

[10] *Id*., ¶ 5.
[11] C.A. No. 15-1128-GMS, D.I. 1, ¶ 4.
[12] C.A. No. 15-1127-GMS, D.I. 1, ¶ 4.
[13] C.A. No. 15-1131-GMS, D.I. 1, ¶ 4.
[14] *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957) ("We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions,

recently as 2013 in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*,[15] the Supreme Court noted that section 1391 applies only in cases where some other more specific venue provision—such as Section 1400—does not apply: "Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply. *Cf., e.g.*, § 1400 (identifying proper venue for copyright and patent suits.)"[16]

  Philips' reliance on Section 1391 (b) and (c) to establish venue under Section 1400(b) almost assuredly depends upon the Federal Circuit's decision in *V.E. Holding Corp. v. Johnson Gas Appliance Co.*[17] In *V.E. Holding*, the Federal Circuit held that a 1988 amendment to Section 1391, which added the phrase "[f]or purposes of venue under this chapter" to Section 1391(c)'s definition of corporate residence, brought patent cases within the general corporate venue provision of Section 1391. The Federal Circuit acknowledged the Supreme Court's contrary pre-amendment interpretation of Section 1391(c), but viewed the amended language to be "exact and classic language of incorporation" that supplanted Supreme Court precedent.[18] Accordingly, the Federal Circuit held that Section 1391(c)'s definition of corporate residency redefined "resides" for the purposes of Section 1400(b).[19]

---

and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)."); *Brunette Mach. Works, Ltd.*, 406 U.S. at 713 ("[I]t is fair to say, as the Court did in *Stonite* and *Fourco*, that in 1897 Congress placed patent infringement cases in a class by themselves, outside the scope of general venue legislation."); *See also Stonite Prods. Co. v. Melvin Lloyd Co*., 315 U.S. 561, 565 (1947) ("The [Patent] Act of 1897 was adopted to define the exact jurisdiction of the federal courts in actions to enforce patent rights … . That purpose indicates that Congress did not intend the Act of 1897 to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings.").
[15] 134 S.Ct. 568 (2013).
[16] *Id.* at 577 n.2.
[17] 917 F.2d 1574, 1578 (1990), cert. denied, 499 U.S. 922 (1991).
[18] *Id*. at 1579.
[19] *Id*. at 1580.

-6-

*V.E. Holding* was wrong when it was decided. In any event, it is no longer good law because Congress has since amended Section 1391 again, returning it to essentially its pre-amended language and excising the language upon which *V.E. Holding* was based. The 2011 amendments made two key changes. The first—and most critical—is that Congress added a provision stating that the entirety of Section 1391 applies "*except* as otherwise provided by law." 28 U.S.C. § 1391(a) (emphasis added). This language confirms Congress' intent to align the statute with the Supreme Court's pre-*V.E. Holding* interpretation, as expressed in *Atlantic Marine*, that Section 1391 governs corporate venue *only where* "a more specific venue provision [e.g., § 1400] does not apply."[20]

The second key change in the 2011 amendments was to remove "[f]or purposes of venue under this chapter"—the language upon which the *V.E. Holding* decision was based—and replace it with "Residency.—For all venue purposes."[21] This change substantively returns the statute to the form that the Supreme Court considered in *Fourco Glass*, when it held Section 1391(c) inapplicable in a patent case. And in any event, with this language now eliminated from the statute, there is no longer any basis for applying *V.E. Holding* to Section 1391 over directly applicable Supreme Court precedent. This is especially true in light of the fact that in part (a), Congress expressly made Section 1391 inapplicable where other venue rules (such as those in 1400(b)) apply.

---

[20] 134 S.Ct. at 577 n.2.
[21] 28 U.S.C. § 1391(c).

    **C.    This Court should postpone judgment or reconsider this question in light of the pending Federal Circuit review.**

In *Kraft Foods Group Brands LLC v. TC Heartland, LLC*,[22] Chief Judge Stark held that the 2011 amendments did not, in fact, displace *V.E. Holding*. That decision is currently before the Federal Circuit on a petition for writ of mandamus.[23] The Federal Circuit has taken the unusual step of ordering oral argument for a writ of mandamus petition, which is scheduled for this month. Thus, a definitive answer on this question is forthcoming.

Before deciding this motion, the Court may appropriately await the forthcoming ruling from the Court of Appeals. Defendants would gladly provide supplemental briefing following that decision, if it would please the Court. Should the Court resolve this motion before the Federal Circuit's ruling, Defendants respectfully submit that it should conclude that *Kraft Foods* and *V.E. Holding* were incorrectly decided and dismiss all Defendants to these actions for the reasons stated in this motion.

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion to dismiss for improper venue.

---

[22] C.A. No. 14-28-LPS-CJB, 2015 WL 4778828 (D. Del. Aug. 13, 2015), *report and recommendation adopted*, 2015 WL 5613160 (D. Del. Sept. 24, 2015).
[23] *See In re T.C. Heartland*, Case No. 16-105 (Fed. Cir. 2016).

-8-

|  |  |
|---|---|
|  | */s/ Karen E. Keller* |
|  | John W. Shaw (No. 3362) |
| OF COUNSEL: | Karen E. Keller (No. 4489) |
| John Schnurer | Andrew E. Russell (No. 5382) |
| Kevin Patariu | SHAW KELLER LLP |
| Ryan Hawkins | 300 Delaware Avenue, Suite 1120 |
| Louise Lu | Wilmington, DE 19801 |
| Vinay Sathe | (302) 298-0700 |
| PERKINS COIE LLP | jshaw@shawkeller.com |
| 11988 El Camino Road, Suite 350 | kkeller@shawkeller.com |
| San Diego, CA 92130 | arussell@shawkeller.com |
| (858) 720-5700 | *Attorneys for Defendants* |

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101
(206) 359-8000

Dated: March 9, 2016